Dear Ms. Phillips:
This office is in receipt of your request for an opinion of the Attorney General in regard to establishment of a civil service system for the employees of Fire Protection District No. 1. You indicate the Iberia Parish Fire Protection District No. 1 Board is currently in the process of proceeding with the establishment of a civil service system and board for its employees, and the Iberia Parish Council has adopted a resolution in opposition to the creation of this system. Since there is a jurisdictional question, you ask whether the Iberia Parish Council or the Fire Protection District No. 1 has the authority to establish a civil service system for the employees of said fire district.
In Atty. Gen. Opinion No. 93-728 (A) this office reconsidered Atty. Gen. Op. No. 93-728 and concluded by the use of the word "shall" in Art. X, Sec. 16 of the Constitution of 1974, a fire and police civil service system is mandatory for a "fire protection district operating a regularly paid fire department". it was further observed for the definition of a "regularly paid fire department" the conclusion of 93-728 was recalled which did not find paying one full-time fire fighter to augment and coordinate volunteers constituted operating "a regularly paid fire department". Instead, under the doctrine of contemporaneous construction, this office deferred to the interpretation of the State Examiner as to the requirement for civil service for a regularly paid fire department to include where there is only one or two full time employees. Atty. Gen. Op. No. 93-354 was affirmed that held "a fire protection district operating a regularly paid fire department is required to create a classified fire and police civil service system."
Subsequently, this office rendered Atty. Gen. Op. No. 94-122 in regard to the Iberia Parish Fire Protection District No. 1 and again stated the requirement for civil service for firefighters *Page 2 
applies to a "regularly paid fire department", and concluded as follows:
 Based upon an interpretation that any paid full-time firefighters constitutes a regularly paid fire department, it follows by the use of the word "shall" in Art. X, Sec. 16 La. Const., that it is mandatory there be the establishment of a fire and police civil service system by the employment of these four full-time firefighters.
R.S. 33:2543 provides that "each board shall adopt a classification plan for the fire and police service under itsjurisdiction." In accordance with the Sec. 21-2 of the Iberia Parish Code, the Fire Protection District No. 1 of Parish of Iberia was created and it "shall have all rights, powers and privileges granted by and conferred by the constitution and statutes of the State of Louisiana", and under Sec. 21-5, the Board of Commissioners is given the power to perform any function necessary for the management of its affairs with the control and management vested in a board of five members.
We must conclude the Board of a Fire Protection District having a "regularly paid fire department" is to establish Civil Service for the full-time paid firefighters.
We hope this sufficiently answers your questions, but if we can be if further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR
 STATE OF LOUISIANA DEPARTMENT OF JUSTICE BATON ROUGE 70804-9005 P.O. Box 94005 RICHARD P. IEYOUB TEL.:(504) 342-7013 ATTORNEY GENERAL FAX.:(504) 342-7335
OPINION NUMBER 93-728 (A)
 March 8, 1994
47-A-1 FIRE PROTECTION DISTRICTS 71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE LSA-Const. Art. X, Sec. 16
Reconsidering opinion 93-728, we conclude that fire civil service is applicable to a paid firefighter in a volunteer fire department.
Mr. Paul K. Daly State Examiner P.O. Box 44366 Baton Rouge, LA 70804-4366